JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Raymond Samuels appeals the sentence of 29 years imprisonment imposed upon him by the trial court following his plea of guilty to charges of aggravated burglary, attempted murder, kidnapping, and escape. Finding no merit to the appeal, we affirm.
 {¶ 2} On June 23, 2006, Samuels was indicted by the Cuyahoga County Grand Jury in a nineteen-count indictment. Samuels was charged with four counts of aggravated burglary in violation of R.C. 2911.11, felonies of the first degree; four counts of attempted murder in violation of R.C. 2903.20, felonies of the first degree; four counts of felonious assault in violation of R.C. 2903.11, felonies of the second degree; two counts of kidnapping in violation of R.C. 2905.01, felonies of the first degree; four counts of aggravated robbery in violation of R.C. 2911.01, felonies of the first degree; and, one count of escape in violation of R.C. 2921.34, a felony of the second degree. As charged, Samuels faced a possible prison sentence of 180 years.
 {¶ 3} The facts are not in dispute and on July 14, 2006, Samuels entered his plea of guilty to one count of aggravated burglary, two counts of attempted murder, two counts of kidnapping, and one count of escape. Under Ohio sentencing law, Samuels faced a possible sentence of 58 years in prison for these offenses.
 {¶ 4} Following a sentencing hearing, the court sentenced appellant to nine years on the aggravated burglary charge, 10 years on each of the attempted murder *Page 4 
charges, 10 years on each of the kidnapping charges, and two years on the escape charge. The judge ordered the sentences for the two attempted murder counts and the two kidnapping counts to be served concurrent to each other but consecutive to the burglary count, and the escape charge to run concurrent to all counts, resulting in an aggregate sentence of 29 years.
 {¶ 5} Appellant presents the following assignment of error for our review:
 {¶ 6} "I. THE TRIAL COURT FAILED TO ADEQUATELY ENSURE THAT ITS TOTAL SENTENCE WAS PROPORTIONATE TO SENTENCES BEING GIVEN TO SIMILARLY SITUATED OFFENDERS WHO HAVE COMMITTED SIMILAR OFFENSES."
 {¶ 7} This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Hollander, 144 Ohio App.3d 565; State v.Rigo (June 21, 2001), Cuyahoga App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 8} Appellant asserts that the touchstone of S.B. 2 is that sentences throughout the State of Ohio will become proportionate to one another. He claims that S.B. 2 and R.C. 2929.11(B) require the trial court to specifically address the *Page 5 
issues of proportionality and consistency as part of the sentencing. By failing to do so, appellant claims the court denied him due process under the Fourteenth Amendment. We find no merit to appellant's claim.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court undertook a detailed analysis of the reforms made to Ohio's sentencing laws under S.B. 2. The Foster decision found certain sections of Ohio's sentencing code to be unconstitutional because they required judicial findings of fact not proven to a jury beyond a reasonable doubt before a court could impose certain sentences. Id. at T|97. Foster severed the offending sections and eliminated the requirement that sentencing courts make certain findings or state their reasons for imposing more than the minimum, maximum, or consecutive sentence. As a result of Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster at T|100. TheFoster decision left most of the felony sentencing statutes intact, including R.C. 2929.11 and R.C. 2929.12. The Foster court identified these two statutes as the "general judicial guide for every sentencing."Foster at T|36.
 {¶ 10} R.C. 2929.11 sets forth the principles and purposes of Ohio's felony sentencing laws as follows:
 {¶ 11} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony *Page 6 
sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 12} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 13} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 14} While R.C.2929.11 states the objectives of felony sentencing, R.C.2929.12 identifies a nonexclusive list of factors relating to the seriousness of the offense and recidivism of the offender for the court to consider in imposing a sentence to meet those objectives.
 {¶ 15} Even prior to Foster, judicial findings were not required under R.C. 2929.11. State v. Georgakapoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. The Foster and post-Foster decisions make clear that there is no requirement for judicial findings in either of these statutes and that the trial court is required only to *Page 7 
carefully consider the statutory factors before imposing its sentence.Foster at ¶ 42; State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855.
 {¶ 16} The record reflects that the trial court carefully considered the statutory guidelines before sentencing appellant. Prior to imposing sentence, the trial judge heard testimony from the two elderly victims and their daughter. The 79-year-old man, confined to a wheelchair, and his 75-year-old wife recounted how Samuels brutally attacked and robbed them in their home. They described how the attack continued for more than 40 minutes, ending only when a visiting nurse arrived at the victim's home. They recounted their injuries which resulted in a hospital stay, including a fractured bone and wounds requiring stitches, and the fear and depression that they continue to suffer from as a result of the attack.
 {¶ 17} The court then heard from appellant who apologized to his victims, blamed his actions on drug addiction, and pleaded with the court for leniency and mercy.
 {¶ 18} The trial court considered other statutory factors including appellant's criminal record, which included five adjudications of delinquency and two prior adult felony convictions, and noted that the current offenses were committed while appellant was under Post Release Control. The court recognized appellant's drug and alcohol addiction and emphasized that appellant's criminal behavior had escalated in violence and that he failed to respond favorably in the past to court imposed sanctions. The record reflects that the court considered the statutory *Page 8 
guidelines and imposed a sentence within the statutory range for each offense. There is no error.
 {¶ 19} Appellant also argues that his sentence is inconsistent with and disproportionate to sentences imposed in similar cases. He cites to six cases he claims are similar in facts and offenses to his, but where the trial courts imposed less severe sentences.
 {¶ 20} This court has consistently declined to make the sort of comparison suggested by appellant. "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency." State v. Georgakapoulos, supra. "It is impossible to make any meaningful comparison of consistency from select appellate case law." State v. Murrin, Cuyahoga App. No. 83482,2004-Ohio-6301. "Instead, consistency is achieved by weighing the sentencing factors." Id. See, also, State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836; State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690; State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845. As noted above, the trial court did this. In the instant case, we do not find that there is clear and convincing evidence that the sentence imposed by the trial court is unsupported by the record or contrary to law. Appellant's assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., CONCURS
 CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY *Page 1