JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On December 9, 2004, a Cuyahoga County Grand Jury indicted defendant-appellant Kurtis Fields ("Fields") with the following: four counts of felonious assault, each with one-and three-year firearm specifications attached, and one count of having a weapon while under disability.
 {¶ 2} On June 21, 2005, the case proceeded to a jury trial in which the jury found Fields guilty on all counts. On August 17, 2005, the trial court sentenced Fields to six years of imprisonment as follows: three years for all firearm specifications, merged for sentencing and to be served prior and consecutive to the remaining sentence; three years for each count of felonious assault, and one year for carrying a weapon while under disability. Sentences to be served concurrent to each other.
 {¶ 3} The facts giving rise to the instant case began at East 88th Street and Superior Avenue, in Cleveland, in which Fields, while driving a red vehicle, "cut off another car in which three women were passengers. The three women followed Fields into a nearby parking lot and an altercation ensued in which Fields fired shots from his handgun in the direction of the three women. One of the women was shot in the buttocks. The women drove away.
 {¶ 4} On September 19, 2005, Fields filed a notice of appeal. We affirmed his conviction but remanded for resentencing pursuant toState v. Foster, *Page 4 109 Ohio St.3d 1, 2006-Ohio-856, and correction of the journal entry setting forth the conviction. See State v. Fields, Cuyahoga App. No. 87044,2006-Ohio-3730.
 {¶ 5} On February 5, 2007, the trial court resentenced Fields to six years of imprisonment as follows: three years for the firearm specifications, merged for sentencing purposes, to be served prior and consecutive to the remaining conviction; three years for counts one and two for felonious assault, merged for sentencing; three years for counts three and four for felonious assault, merged for sentencing; and three years for carrying a weapon while under disability, counts one through five to be served concurrent to each other.
 {¶ 6} On March 5, 2007, Fields appealed and asserted one assignment of error for our review:
 "Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 7} Fields argues that his sentence violates the ex post facto and due process clauses of the United States Constitution because he committed his crimes prior to the Ohio Supreme Court decision, State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 8} We review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836.
 "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. *Page 5 
Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904. (Internal citations omitted.)
 {¶ 9} Pursuant to Foster "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at ¶ 100. Furthermore, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99.
 {¶ 10} The Ohio Supreme Court rejected the notion of presumptive minimum sentencing when it held the following:
 "[T]he General Assembly provided a sentencing scheme of `guided discretion' for judges, intending that the required findings guide trial courts to select sentences within a range rather than to mandate specific sentences within that range. When mandatory sentences are intended, they are expressed. We, therefore, reject the criminal defendants' proposed remedy of presumptive minimum sentences, for we do not believe that the General Assembly would have limited so greatly the sentencing court's ability to impose an appropriate penalty." Id. at ¶ 89.
 {¶ 11} The ex post facto clause prohibits, "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed." State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. "Although the federal and state constitutions prohibit ex post facto legislation, similar restrictions have been placed on judicial opinions." State v. McGhee, Shelby County App. No. 17-06-05,2006-Ohio-5162. (Emphasis in original.) *Page 6 
 {¶ 12} Due process, pursuant to the United States Constitution, guarantees an offender the right to notice and a hearing. State v.Dyer, Cuyahoga App. No. 88202, 2007-Ohio-1704. However, State v.Foster does not implicate an offender's right to a hearing. Therefore, we concern ourselves only with Fields' notice as to his potential sentence and notably, Fields does not argue that he did not have notice as to his potential sentence.
 {¶ 13} We have held that Foster does not violate federal or state ex post facto clauses or due process clauses. Specifically, we held:
 "In the instant case, Mallette [the criminal defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding in Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette, supra, at ¶ 47.
 {¶ 14} Here, Fields argues that he should be sentenced to the minimum, concurrent term. Fields does not argue any of the exceptions set forth in Mallette. Therefore, Fields' ex post facto and due process argument lacks merit and his sole assignment of error should be overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, PRESIDING JUDGE
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1