JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Raymond Samuels has filed an application for reopening pursuant to App. R. 26(B). Samuels is attempting to reopen the appellate judgment that was rendered in State v. Samuels, Cuyahoga App. No. 88610,2007-Ohio-3904, which affirmed his plea of guilty to the offenses of aggravated burglary, attempted murder, kidnapping, and escape. We decline to reopen Samuels' appeal.
 {¶ 2} As required by App. R. 26(B)(2)(b), Samuels must establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App. R. 26(B)(2)(b), has established that:
 {¶ 3} "We now reject defendant's claim that those excuses gave him good cause to miss the 90-day deadline in App. R. 26(B). The rule was amended to include the 90-day deadline more than seven months before defendant's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellatecourts in Ohio protects on the one hand the state's legitimate interestin the finality of its judgments and ensures on the other hand that anyclaims of ineffective assistance of appellate counsel are promptlyexamined and resolved.
 {¶ 4} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by *Page 4 creating a 90-day deadline for the filing of applications toreopen. Defendant could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicableto all appellants," State v. Winstead (1996), 74 Ohio St.3d 277, 278,658 N.E.2d 722, and Gumm offers no sound reason why he — unlike so manyother Ohio criminal defendants — could not comply with that fundamentalaspect of the rule." (Emphasis added.) State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 81 N.E.2d 861, at ¶ 7. See, also, State v.LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; State v.Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; and State v.Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 5} Herein, Samuels is attempting to reopen the appellate judgment that was journalized on August 13, 2007. The application for reopening was not filed until July 15, 2008, more than 90 days after journalization of the appellate judgment in State v. Samuels, supra. Samuels has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. *Page 5 
 {¶ 6} Accordingly, the application for reopening is denied.
 COLLEEN CONWAY COONEY, J., and MARY J. BOYLE, J., CONCUR *Page 1