[Cite as *State v. Cole*, 2011-Ohio-2146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 94911

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYRONE COLE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-526704

**BEFORE:** Kilbane, A.J., Cooney, J., and Keough, J.

RELEASED AND JOURNALIZED:  May 5, 2011

ATTORNEY FOR APPELLANT

Richard Agopian
The Hilliard Building
1415-1419 West Ninth Street - 2nd Floor
Cleveland, Ohio 44113

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Kevin R. Filiatraut
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, Tyrone Cole, appeals from the sentence imposed by the trial court following his guilty plea to attempted aggravated murder and other offenses.   For the reasons set forth below, we affirm.

{¶ 2}  On July 31, 2009, the defendant and codefendants, Ira Charles Eason and Arthello Gathright, were indicted pursuant to a 19-count indictment, in connection with an

armed robbery that occurred at the Euclid Mart in Euclid, Ohio, on July 5, 2009, while workers Abdumanap Eldosov (Eldosov) and Michael Aziz (Aziz), Aziz's wife Nousa EsDarous (EsDarous), and their children, Anthony Aziz (Anthony) and Angelina Aziz (Angelina), were present.

{¶ 3}  Counts 1 through 3 charged the defendants with attempted aggravated murder in violation of R.C. 2903.01(B) and 2923.02 in connection with alleged attacks on Abdumanap Eldosov, Michael Aziz, and Nousa EsDarous.  Counts 4 through 6 charged the defendants with aggravated robbery of Eldosov, Aziz, and EsDarous in violation of R.C. 2911.01(A)(1). Counts 7, 9, 10, and 11 charged them with felonious assault upon Eldosov, Aziz, EsDarous, and Anthony, in violation of R.C. 2903.11(A)(2). Count 8 charged them with felonious assault upon Eldosov, in violation of R.C. 2903.11(A)(1).  Counts 12 through 16 charged defendants with kidnapping Eldosov, Aziz, EsDarous, Anthony, and Angelina, in violation of R.C. 2905.01(A)(2).  Count 18 charged defendants with conspiracy to commit aggravated robbery. Counts 17 and 19 set forth charges against the codefendants.  All counts set forth one- and three-year firearm specifications.

{¶ 4}  On January 19, 2010, defendant pled guilty to all charges.  The trial court sentenced defendant on February 23, 2010.  The trial court imposed a nine-year term on Counts 1 and 4, and ordered that it be served consecutive to a nine-year term imposed for Counts 2 and 5, and consecutive to a five-year term imposed on Counts 3 and 6, and

consecutive to a nine-year term imposed on Counts 11 and 15. The court also imposed a concurrent ten-year term for Count 16, for a total sentence of 32 years on these counts. The court additionally noted that the state asked that the court not impose sentence on Counts 7, 8, 9, 10, 12, 13, 14, and 18. The court then determined that defendant would serve three years for the firearm specifications prior to and consecutive to all counts, for a total of 35 years. The trial court also imposed a five-year mandatory period of postrelease control and ordered "no early release, no halfway house, and no transitional housing."

{¶ 5} Defendant now appeals and assigns one error for our review:

**"The trial court was required to make necessary findings in order to impose consecutive sentences [pursuant to] _Oregon v. Ice_, [555 U.S. 160,] 129 S.Ct. 711 [172 L.Ed.2d 517] (2009)."**

{¶ 6} Within this assignment of error, defendant asserts that _Ice_ retroactively reinstates the consecutive-sentencing statutes requiring fact-finding that were excised in _State v. Foster_, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. He further asserts that the sentence imposed is disproportionate to the offense and inconsistent with the sentence imposed for similar crimes committed by similar offenders.

{¶ 7} In _State v. Hodge,_ 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court recently addressed this argument and held that _Ice_ "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in _Foster_. Trial court judges are not obligated to engage in

judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs two and three of the syllabus. As stated in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, post-*Foster*, "'trial courts *have full discretion to impose a prison sentence* within the statutory range and *are no longer required to make findings and give reasons* for imposing maximum, consecutive, or more than the minimum sentences.'" (Emphasis added in *Kalish*.) Id. at ¶11, quoting *Foster* at ¶100.

{¶ 8} As to defendant's additional claims regarding proportionality and consistency, we note that defendant did not challenge the proportionality of his sentence or its consistency of it as compared to other similar offenders in the court below, therefore, he has waived this issue. *State v. Lycans*, Cuyahoga App. No. 93480, 2010-Ohio-2780.

{¶ 9} In any event, these challenges lack merit under the two-part framework established in *Kalish*. The *Kalish* court noted that while *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact, setting forth the statutory factors that the trial court must consider when imposing its sentence. *Kalish* at ¶13.

{¶ 10} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future

crime by the offender and others and to punish the offender." Id. R.C. 2929.11(B) states that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.12 sets forth factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 11} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. at ¶17. "In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id. Moreover, this court has previously recognized that there is no requirement for judicial findings in either R.C. 2929.11 or 2929.12, and that the trial court is required only to carefully consider the statutory factors before imposing its sentence. *State v. Samuels*, Cuyahoga App. No. 88610, 2007-Ohio-3904, ¶15.

{¶ 12} In this matter, the court complied with the applicable rules and statutes, so the sentence is not clearly and convincingly contrary to law, and the court did not abuse its

discretion. At the sentencing hearing, the trial court outlined that defendant and the codefendants decided to rob the Euclid Mart, that Eldosov, Aziz, and Aziz's family members, EsDarous, Anthony (age 3), and Angelina (an infant), were present. Defendant grabbed the three-year-old, held a gun to him, and took him to his mother. He then shot Eldosov at least twice, and shot at Aziz. After his codefendant rifled through the cash register, defendant shot at EsDarous, but his gun was out of ammunition.

{¶ 13} The court viewed video of the offenses and stated:

{¶ 14} "This is one of the worst offenses I've ever seen since I've been a judge. The damage that you did is probably some of the worst damage short of killing people that I've ever seen. Your record is horrendous and the fact that you were on parole, I think PRC at the time this happened, it's just inexcusable. * * * Those people went to work that day, they were there to make some money, to go home to support their families. It's just — it's inexcusable."

{¶ 15} The court's sentencing journal entry indicates that the trial court considered "all required factors of the law" and found that the sentence was consistent with "the purpose of R.C. 2929.11."

{¶ 16} We do not find the sentence disproportionate to the offenses.

{¶ 17} Viewing the record in its entirety, there is no basis upon which we may conclude that the trial court committed an error of law or abused its discretion in imposing the sentence in this matter.

{¶ 18} The assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR