[Cite as *State v. Cole*, 2012-Ohio-2190.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 94911

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TYRONE COLE

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-526704
Application for Reopening
Motion No. 453710

**RELEASE DATE:** May 15, 2012

**APPELLANT**

Tyrone Cole, pro se
582-138
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Kevin R. Filiatraut
Mark J. Mahoney
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, P.J.:

{¶1} Tyrone Cole has filed an application for reopening pursuant to App.R. 26(B). Cole seeks to reopen the appellate judgment rendered in *State v. Cole*, 8th Dist. No. 94911, 2011-Ohio-2146, which affirmed his plea of guilty and sentence with regard to the charged offenses of attempted aggravated murder, aggravated robbery, felonious assault, kidnapping, and conspiracy. We decline to reopen his appeal.

{¶2} App.R. 26(B)(2)(b) requires that Cole establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**
>
> **Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication,"** *Logan v. Zimmerman Brush Co.* **(1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * **The 90-day requirement in the rule is "applicable to all appellants,"** *State v. Winstead* **(1996), 74 Ohio St.3d**

**277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.**

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. *See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶3}** Cole is attempting to reopen the appellate judgment journalized on May 5, 2011. The application for reopening was not filed until March 28, 2012, more than 90 days after journalization of the appellate judgment in *Cole*. Cole has failed to establish "good cause" for the untimely filing of his application for reopening. Restricted access to a law library and the inability to conduct legal research do not establish "good cause" for the untimely filing of his application for reopening. *State v. Quiles*, 8th Dist. No. 84293, 2006-Ohio-7324. *See also State v. Klein*, 8th Dist. No. 58389, 1991 WL 41746 (Mar. 28, 1991), reopening disallowed (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 WL 415171 (July 13, 1995), reopening disallowed (Apr. 22, 1996), Motion No. 70493; *State v. Travis* 8th Dist. No. 56825, 1990 WL 40573 (Apr. 5, 1990), reopening disallowed (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 649 N.E.2d 1226 (1995). *See also State v. Gaston,* 8th Dist. No. 79626, 2007-Ohio-155, reopening disallowed (Jan. 17, 2007), Motion No. 391555; *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

**{¶4}** Accordingly, the application for reopening is denied.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR