[Cite as *State v. Robinson*, 2013-Ohio-2698.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99080**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL ROBINSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557786

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**ATTORNEY FOR APPELLANT**

Brian A. Smith
Brian A. Smith, Attorney at Law
503 West Park Avenue
Barberton, Ohio   44203


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Jennifer L. O'Malley
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant Michael Robinson ("Robinson") appeals the trial court's judgment sentencing him to 24 months in prison. We find no merit to the appeal and affirm.

{¶3} Robinson was charged with one count of domestic violence in violation of R.C. 2919.25 and one count of intimidation of a crime victim or witness in violation of R.C. 2921.04(B). He pleaded guilty to one count of domestic violence, a third-degree felony, and the court sentenced him to 24 months in prison. This appeal followed.

{¶4} In his sole assignment of error, Robinson argues the trial court acted contrary to law and abused its discretion when it sentenced him to a 24-month prison term. He contends the court failed to consider the factors enumerated in R.C. 2929.11 and 2929.12 when it imposed the sentence.

{¶5} We review felony sentences in accordance with the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

* * *

(b) That the sentence is otherwise contrary to law.

**{¶6}** Therefore, we presume the sentence imposed by the trial court is correct absent evidence that it is clearly and convincingly contrary to law. *State v. Sherman*, 8th Dist. No. 97840, 2012-Ohio-3958, ¶ 14. "Clear and convincing evidence is more than a mere preponderance of the evidence; 'it is that evidence which will provide in the mind of the trier of facts, a firm belief or conviction as to the facts sought to be established.'" *State v. Patterson*, 8th Dist. No. 84803, 2005-Ohio-2003, ¶ 4, quoting *State v. Garcia*, 126 Ohio App.3d 485, 710 N.E.2d 783 (12th Dist.1998).

**{¶7}** Robinson argues his sentence is contrary to law because the trial court failed to consider the principles and purposes of felony sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors provided in R.C. 2929.12.

**{¶8}** R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent

with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶9}** In addition, the sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Arnett*, 88 Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. *State v. Samuels*, 8th Dist. No. 88610, 2007-Ohio-3904, ¶ 14. R.C. 2929.12(A) also permits the court to consider "any other factors that are relevant to achieving the purposes and principles of sentencing." *Id.*

**{¶10}** Pursuant to R.C. 2929.13(C), third-degree felonies carry no presumption for either prison or community control. It allows the trial court to impose a sentence that furthers the purposes and principles of felony sentencing set forth in R.C. 2929.11 after considering all the seriousness and recidivism factors listed in R.C. 2929.12.

**{¶11}** Robinson's 24-month prison term falls within the authorized range of prison terms set forth in R.C. 2929.14(A)(3)(b) for third-degree felonies. At the sentencing hearing, the court acknowledged that it considered Robinson's presentence investigation report, the information conveyed at the plea hearing, a letter from the victim, and the statements made in court at the sentencing hearing. The state reminded the court of Robinson's extensive criminal record, including a prior conviction for domestic violence

against the same victim. The victim stated that she and her daughter are fearful of Robinson because he is violent.

{¶12} Defense counsel argued that prison would not help Robinson overcome the problems underlying his criminal behavior. When she asserted that a study by a Dr. Philip Zimbardo suggests that prison worsens a defendant's criminal propensities, the court asked whether Dr. Zimbardo offered an alternative to prison that would protect the public, deter future crime, and rehabilitate the defendant. Defense counsel did not identify any alternative to prison that would achieve the purposes and principles of felony sentencing.

{¶13} Prior to imposing sentence, the court stated:

> Mr. Robinson, I'd like to inform you that in deciding the following sentence, I've considered the written presentence report that I've already mentioned, I've considered the information conveyed to me orally during the plea hearing on September 11, which was less than two weeks ago, and I've certainly considered all the information conveyed orally here today. Besides those things, I've taken into account the sentencing statutes in the State of Ohio.

Further, a court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. In its journal entry of the sentence, the court states: "The court considered all factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Thus, the record demonstrates that the court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish the offender. Accordingly,

we find that the trial court's decision to sentence Robinson to a 24-month prison term is not contrary to law.

**{¶14}** The sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR