[Cite as *State v. Back*, 2015-Ohio-4447.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-03-037 |
| Plaintiff-Appellee, | : | CA2015-03-038 |
| | : | O P I N I O N |
| - vs - | | 10/26/2015 |
| | : | |
| JOSHUA RYAN BACK, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2014-10-1629 and CR2014-10-1649


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Joshua Ryan Back, appeals from his sentence in the Butler County Court of Common Pleas for burglary and grand theft. For the reasons set forth below, we affirm.

{¶ 2} On November 25, 2014, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, one count of grand theft in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree, and one count of petty

theft in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree. The charges arose out of allegations that on September 2, 2014, appellant trespassed in a garage on Sauterne Drive in Butler County, Ohio and stole items out of a car, including a .32 caliber revolver.

{¶ 3} Following plea negotiations, appellant pled guilty to grand theft and an amended count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. On February 5, 2015, appellant was sentenced to three years in prison on each offense. Appellant's sentence for grand theft was run consecutively to his sentence for burglary, for a total sentence of six years.

{¶ 4} Appellant timely appealed his sentence, raising two assignments of error.[1]

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY FAILING TO ORDER THE MERGER OF ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 7} In his first assignment of error, appellant contends the trial court erred by failing to merge his convictions for burglary and grand theft. Appellant argues the offenses were committed with a "single animus and a single course of conduct."

{¶ 8} At the outset, we note appellant pled guilty to both burglary and grand theft below without asserting to the trial court that the offenses were allied offenses of similar import. We therefore review his allied offense argument under a plain error analysis. As the Ohio Supreme Court recently held:

---

1. At the same time appellant was sentenced for burglary and grand theft in Case No. CR2014-10-1629, he was also sentenced for another burglary in Case No. CR2014-10-1649. Appellant's three-year prison term in Case No. CR2014-10-1649 was ordered to be served concurrently to his sentence in Case No. CR2014-10-1629. Appellant appealed from his sentences in both Case No. CR2014-10-1629 and Case No. CR2014-10-1649, and this court consolidated his appeals on March 15, 2015. *State v. Back*, 12th Dist. Butler Nos. CA2015-03-037 and CA2015-03-038 (Mar. 15, 2015) (Entry of Consolidation). Appellant's merit brief, however, only raises issues pertinent to his conviction and sentence in Case No. CR2014-10-1629. For this reason, the details surrounding appellant's burglary conviction in Case No. CR2014-10-1649 are not discussed.

An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3.

{¶ 9} Pursuant to Ohio's multiple count statute, R.C. 2941.25, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The Ohio Supreme Court has recently clarified the test a trial court and a reviewing court should employ in determining whether offenses are allied offenses that merge into a single conviction under R.C. 2941.25(A). *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. In determining whether offenses are allied, courts are instructed to consider three separate factors—the conduct, the animus, and the import. *Ruff* at paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if *any* of the following are true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate

animus." *Id.* at paragraph three of the syllabus and ¶ 25.  With respect to the first factor, "[t]wo or more offenses of dissimilar import exist * * * when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."  *Id.* at paragraph two of the syllabus.

{¶ 11} Having reviewed the record, we cannot say the trial court committed plain error in failing to merge the offenses of burglary and grand theft.  Appellant has not met his burden, as set forth in *Rogers*, of establishing a manifest miscarriage of justice.  Although committed in close proximity to one another, the two offenses were committed separately. *See State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 49-51 (finding the offenses of burglary and petty theft were not allied offenses of similar import although committed in close proximity to one another).

{¶ 12} In order to commit burglary, appellant had to, by force, stealth, or deception, trespass in a separately secured or separately occupied portion of an occupied structure with the purpose to commit any criminal offense.  Therefore, once inside the garage on Sauterne Drive, with the requisite intent, the burglary was complete.  The theft offense did not occur until later, when appellant physically removed the .32 caliber revolver from the garage.  At this time, grand theft of the firearm was complete.  "Consequently, 'because one offense was completed before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B) notwithstanding their proximity in time and that one was committed in order to commit the other.'"  *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 16, quoting *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 33.

{¶ 13} In determining that the offenses are not allied, we are guided by our decision in *State v. Crosby*, 12th Dist. Clermont Nos. CA2010-10-081 and CA2011-02-013, 2011-Ohio-4907, wherein we found that the offenses of burglary, safecracking, and grand theft were not

allied offenses. With respect to the burglary and grand theft offenses, we stated the following:

> Crosby committed burglary with different conduct and a separate animus from * * * grand theft because in order to violate R.C. 2911.12(A)(1) [burglary], Crosby had to, by force, stealth, or deception, trespass in an occupied structure with the purpose to commit any criminal offense. While Crosby chose to carry out the theft offense, he could have entered the residence with any criminal purpose and abandoned it before actually completing the criminal act. For example Crosby could have entered the Alvarado home with the purpose to steal something, but then fled when he saw that Alvarado and her children were present. Obviously, once Crosby was inside the home, he had an opportunity to commit various criminal offenses.

*Id.* at ¶ 22. Similarly, in the present case, appellant could have entered the garage with any criminal purpose and abandoned it before actually completing the criminal act. Appellant did not abandon his criminal purpose, but rather committed grand theft by removing the revolver from the car and garage without the owner's consent.

{¶ 14} Accordingly, for the reasons expressed above, we find that the offenses of burglary and grand theft are not allied offenses of similar import. The trial court did not commit plain error in not merging the offenses. Appellant's first assignment of error is, therefore, overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE ON COUNT ONE, BURGLARY.

{¶ 17} In his second assignment of error, appellant argues the trial court erred by failing to consider R.C. 2929.14's "neutral presumption regarding prison for third degree felonies" before imposing a prison sentence for his burglary conviction. He further argues the trial court failed to consider "appropriate sentencing guidelines applicable to the presumptions of prison and the availability of community control sanctions" before imposing

his prison sentence for grand theft consecutively to his prison sentence for burglary.

{¶ 18} We review the sentence imposed on appellant under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Id*. at ¶ 7, quoting R.C. 2953.08(G)(2). However, an appellate court's review of an imposed sentence is not whether the sentencing court abused its discretion. *Id*.; *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6. Rather, an appellate court may take any action authorized by R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences appellant within the permissible statutory range. *Moore* at ¶ 6; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 107.

{¶ 19} Appellant's burglary conviction was a felony of the third degree. "Pursuant to R.C. 2929.13(C), third-degree felonies carry no presumption for either prison or community control." *State v. Robinson*, 8th Dist. Cuyahoga No. 99080, 2013-Ohio-2698, ¶ 10. Rather, "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under

section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C).

{¶ 20} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "When sentencing a defendant, a trial court is not required to consider each sentencing factor, 'but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.'" *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11, quoting *State v. Oldiges*, 12th Dist. Clermont No. CA2011-10-073, 2012-Ohio-3535, ¶ 17. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.*; *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 21} The record reflects the trial court considered the purposes and principles of sentencing before determining that a three-year prison term, rather than community control, was appropriate. At the sentencing hearing, the trial court referenced R.C. 2929.11 and R.C. 2929.12 and noted that appellant had a criminal history and was under a community control sanction when he burglarized the garage on Sauterne Drive. Additionally, the trial court stated the following in its sentencing entry:

> The Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is

appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amendable to an available community control sanction.

Based on the foregoing, it is clear the trial court gave proper consideration to the purposes and principles of sentencing as well as the seriousness and recidivism factors as required by Ohio's sentencing statutes before imposing a three-year prison term for burglary, which falls within the authorized range of prison terms set forth in R.C. 2929.14(A)(3) for third-degree felonies. *See State v. Bradenburg*, 12th Butler Nos. CA2014-10-201 and CA2014-10-202, 2015-Ohio-2573, ¶ 10. Appellant's burglary sentence, therefore, was not clearly and convincingly contrary to law.

**{¶ 22}** The imposition of a three-year prison term for grand theft, run consecutively to the burglary conviction, was also not clearly and convincingly contrary to law. R.C. 2913.02(B)(4) provides in relevant part that

> grand theft when the property stolen is a firearm or dangerous ordnance is a felony of the third degree, and there is a presumption in favor of the court imposing a prison term for the offense. * * * The offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance *consecutively to any other prison term* or mandatory prison term previously or subsequently imposed upon the offender.

(Emphasis added.) Additionally, R.C. 2929.14(C)(3) provides that "[i]f a prison term is imposed for a violation of * * * division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance * * * *the offender shall serve that prison term consecutively* to any other prison term or mandatory prison term previously or subsequently imposed upon the offender. (Emphasis added.) Therefore, once the trial court determined a prison term was appropriate pursuant to R.C. 2929.11 and R.C. 2929.12, the trial court was required as a matter of law to run the term consecutively to appellant's burglary conviction. *See State v. Ervin*, 2d Dist. Champaign No. 2014-CA-23, 2015-Ohio-

3688, ¶ 19-27.

{¶ 23} Accordingly, as the record demonstrates that the trial court considered the purposes and principles of R.C. 2929.11 as well as the factors listed in R.C. 2929.12, imposed sentences within the permissible statutory range for third-degree felonies in accordance with R.C. 2929.14(A)(3), ran appellant's grand theft conviction consecutively to his burglary conviction in accordance with R.C. 2913.02(B)(4) and R.C. 2929.14(C)(3), and properly applied postrelease control, we find that appellant's prison sentence is not clearly and convincingly contrary to law.

{¶ 24} Appellant's second assignment of error is, therefore, overruled.

{¶ 25} Judgment affirmed.

S. POWELL, P.J., concurs.

RINGLAND, J., concurs separately.

**RINGLAND, J., concurring separately.**

{¶ 26} I concur separately to distinguish my dissent in *State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, from my concurrence in the present case. In *Hubbard*, I dissented to argue in part that burglary and grand theft are allied offenses of similar import. *Id*. at ¶ 75.

{¶ 27} However, the Ohio Supreme Court has subsequently clarified the test for determining whether offenses are allied and subject to merger. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. Based upon the Ohio Supreme Court's holding in *Ruff*, I am now in agreement with the majority that burglary and grand theft are not allied offenses of similar import as the two offenses are committed separately.