# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106520**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RAYMOND SAMUELS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-482720-A

**BEFORE:** Keough, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 13, 2018

[Cite as *State v. Samuels*, 2018-Ohio-3675.]

**APPELLANT**

Raymond Samuels, pro se
Inmate No. A511168
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Katherine Mullin
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant Raymond Samuels, pro se, appeals the trial court's denial of his motion to correct his sentence. Finding no merit to the appeal, we affirm.

## I. Background and Procedural History

{¶2} In June 2006, Samuels was indicted in a 19-count indictment. He subsequently entered a guilty plea to one count of aggravated burglary, two counts of attempted murder, two counts of kidnapping, and one count of escape.

{¶3} At the sentencing hearing, counsel for Samuels suggested that "some of these offenses are allied offenses of similar import." The trial court responded "some may be, that's correct," and later asked counsel which of the offenses might be allied. Trial counsel responded that "the kidnapping and the attempted murder could be considered allied offenses of similar import." The trial judge stated, "uh-huh," and then proceeded to sentencing without making any findings that the offenses were allied.

{¶4} The court sentenced Samuels to 9 years on the aggravated burglary charge, 10 years on each of the attempted murder charges, 10 years on each of the kidnapping charges, and 2 years on the escape charge. The judge ordered the sentences for the two attempted murder counts and the two kidnapping counts to be served concurrent to each other but consecutive to the burglary count and the escape charge to run concurrent to all counts, resulting in an aggregate sentence of 29 years.

{¶5} Samuels appealed to this court, arguing in a single assignment of error that the trial court had failed to ensure that its total sentence was proportionate to sentences

imposed on similarly situated offenders who committed similar offenses. This court affirmed, finding no error in sentencing. *State v. Samuels*, 8th Dist. Cuyahoga No. 88610, 2007-Ohio-3904, ¶ 18, 20.

{¶6} In October 2017, Samuels filed a motion to correct his sentence. The trial court denied the motion, and this appeal followed.

## II. Law and Analysis

{¶7} In his sole assignment of error, Samuels challenges the trial court's denial of his motion to correct his sentence. Specifically, he argues that his sentence is void because the trial court determined that his offenses were allied but then failed to merge them for sentencing. He further contends that because his sentence is void, his argument is not subject to principles of res judicata.

{¶8} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal of that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in the judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. This doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

**{¶9}** Where a sentence imposed on an individual is void, that individual may challenge the void portions of the sentence at any time. *State v. Fayne*, 8th Dist. Cuyahoga No. 105641, 2017-Ohio-8889, ¶ 6, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. However, where the sentence is not void, any alleged sentencing error must be challenged on direct appeal. *Williams* at ¶ 23. Thus, to survive the res judicata bar, Samuels must demonstrate that his sentence is void. If it is not void, principles of res judicata preclude any further challenge to his sentence because Samuels could have raised the issue on direct appeal.

**{¶10}** In *Williams*, the Ohio Supreme Court clarified the application of res judicata to postconviction proceedings that raise issues of voidness regarding sentences imposed on allied offenses. The *Williams* court concluded that when the trial court finds that the offenses are not allied offenses of similar import, or when it does not make any findings regarding whether the offenses are allied, and imposes a separate sentence for each offense, any alleged error must be asserted in a timely appeal or it will be barred by res judicata. *Id.* at ¶ 26. On the other hand, when a trial court finds that offenses are allied but imposes a separate sentence for each count, the sentence is void. *Id*. at ¶ 28.

**{¶11}** Samuels asserts that his sentence is void and not subject to res judicata because the trial court concluded that his offenses were allied but then improperly imposed a separate sentence for each count. We do not agree.

**{¶12}** The trial court's statement that some of the offenses to which Samuels pleaded guilty "may be" allied offenses in no way is a finding that they are, in fact, allied

offenses of similar import. Likewise, the trial judge's response of "uh huh" after defense counsel's assertion that the kidnapping and attempted murder "could be" allied offenses is similarly not a finding that the offenses are allied offenses. Our review of the record demonstrates that the trial court made no findings whatsoever that any of the offenses to which Samuels pleaded guilty are allied offenses.

{¶13} Accordingly, pursuant to *Williams*, Samuels's sentence is not void, and he was required to assert any alleged error regarding allied offenses on direct appeal. He did not do so, and his argument that his offenses are allied is therefore barred by principles of res judicata. Accordingly, the trial court properly denied his motion to correct his sentence. The assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR