DECISION AND JUDGMENT ENTRY
{¶ 1} This consolidated appeal[1] has come to us from two judgments issued by the Wood County Court of Common Pleas. Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, she can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. *Page 2 
 {¶ 2} Counsel argues three potential errors "that might arguably support the appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that she has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf. We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 3} Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75. Counsel for appellant sets forth three proposed assignments of error, as follows:
 {¶ 4} "Possible Assignment of Error No. 1
 {¶ 5} "The Appellant's] plea was not voluntarily and knowingly given where he was not advised as to the appellate rights he would be waiving, when he entered into the same plea.
 {¶ 6} "Possible Assignment of Error No. 2
 {¶ 7} "The trial court erred in denying Appellant's Motion to Withdraw his guilty plea. *Page 3 
 {¶ 8} "Possible Assignment of Error No. 3
 {¶ 9} "The trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.11, et seq., for the sentencing of the Appellant."
 I. {¶ 10} In the first proposed assignment of error, counsel argues that appellant's guilty plea was not knowingly, intelligently or voluntarily made. Appellant pled guilty to three fifth degree felonies: one count of receiving stolen property, in violation of R.C. 2913.51(A), and two counts of attempted forgery, in violation of R.C. 2923.02 and R.C.2913.31(A)(3).
 {¶ 11} Crim.R. 11(C) provides in pertinent part:
 {¶ 12} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 13} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 14} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 15} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt *Page 4 
beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 16} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480. With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). State v. Colbert (1991),71 Ohio App.3d 734, 737. However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. Ballard, supra, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. Id.
 {¶ 17} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted.State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 18} In this case, upon review of the record, we conclude that the trial court fully complied with both the constitutional and nonconstitutional provisions of Crim.R. 11. The trial court determined that appellant understood the crime to which he was pleading guilty and the corresponding penalty. The trial court advised appellant that his guilty plea *Page 5 
would constitute a complete admission of guilt and that upon acceptance of his plea, the court could proceed with sentencing. The trial court determined that appellant had not been induced, forced, or threatened to plead guilty. Additionally, the court properly explained that by pleading guilty, appellant waived his right to a jury trial, his right to confront witnesses, his right to compulsory process, his right to require the state to prove his guilt beyond a reasonable doubt, and his right not to be compelled to testify against himself. At each inquiry, appellant answered that he understood and that he was voluntarily waiving those rights.
 {¶ 19} Furthermore, appellant indicated that he had discussed with his attorney and understood the nature of the charges and the possible maximum penalties that the court could impose. Appellant also verbally acknowledged his signature on a written guilty plea and waiver of trial, and that he had signed the document voluntarily. Nothing in the record indicates that appellant was under any influence of drugs or had a mental condition which would have prevented him from understanding what the trial court stated.
 {¶ 20} Therefore, we conclude that appellant's guilty plea was entered knowingly, voluntarily, and intelligently and was properly accepted by the trial court. Counsel's first proposed assignment of error is without merit. *Page 6 
 II. {¶ 21} In the second proposed assignment of error, counsel argues that the trial court erred in denying appellant's motion to withdraw his guilty plea which was filed before sentencing.
 {¶ 22} A trial court's decision to grant or deny a Crim.R. 32.1 motion to withdraw a guilty or no contest plea is within the court's sound discretion and will not be overturned on appeal, absent an abuse of that discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526; State v.Stumpf(1987), 32 Ohio St.3d 95, 104. A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261,264. An "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 23} Although a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, a trial court should "freely and liberally grant" a pre-sentence motion to withdraw a plea.Xie, supra, at 527. A mere change of heart or mistaken belief regarding a decision to enter a plea, without some additional justification, however, is not a sufficient basis for the withdrawal of a guilty or no contest plea. State v. Deloach, 2d Dist. No 21422, 2006-Ohio-6303, ¶ 15. Upon a motion to withdraw a plea a court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Xie, supra, at 527. *Page 7 
 {¶ 24} A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, 214.
 {¶ 25} In the present case, the court held a hearing on appellant's motion to withdraw his guilty plea. Appellant's reason for requesting to withdraw his guilty plea was "duress" felt by the appellant at the time he entered the plea and signed the waivers. He stated at the hearing that because he was incarcerated at the time the attorney filed the motion, he now felt that the plea was entered under duress. Appellant also stated that he had wanted to change counsel, and that he did not believe that his attorney properly represented him.
 {¶ 26} We note that during the initial plea hearing, appellant indicated on the record that he understood his rights and that he was freely entering the plea. The record shows that appellant had also incurred changes of counsel, which delayed the case several times. A complete review of the record reveals that the trial court conducted a hearing on the motion, that appellant was represented by competent counsel which was different from the attorney who represented him at the plea hearing, and that the court fully considered his reasons for filing the motion to withdraw the guilty plea. We can find nothing in the record which supports appellant's claim that he was under substantial *Page 8 
duress or that he was not properly represented by counsel when he entered his plea. Therefore, we cannot say that the trial court abused its discretion, and the second proposed assignment of error is without merit.
 III. {¶ 27} In the third proposed assignment of error, counsel argues that the trial court failed to properly consider the statutory factors when imposing appellant's sentences. Although counsel found no error, we must consider appellant's resentencing for conformity with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 28} In State v. Foster, the Supreme Court of Ohio held that R.C.2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4), an2929.19(B)(2), 2929.41(A), concerning the imposition of sentences, violates a defendant's Sixth Amendment right to a trial by jury pursuant toBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. See, Foster, supra. The Foster court severed these provisions from the sentencing code and instructed that all cases pending under direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 29} Upon review of the sentencing hearing transcript and the trial court's judgment entry, we conclude that the trial court relied on unconstitutional portions of the statutes when sentencing appellant. Consequently, appellant's sentences are void and must be vacated. Accordingly, appellant's third proposed assignment of error has merit and is well-taken. *Page 9 
 {¶ 30} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Under the circumstances of this case, however, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16.
 {¶ 31} The judgments of the Wood County Court of Common Pleas are affirmed in part and reversed in part. Appellant's sentences are vacated and this case is remanded to the trial court for resentencing in conformity with Foster, supra. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENTS AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 10 
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] This decision is a consolidation of two appeals, WD-06-084 and WD-06-085, from trial court case Nos. 05 CR 404 and 05 CR 616. *Page 1