[Cite as *State v. Craig*, 2015-Ohio-5541.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   103020

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEMETRIUS CRAIG**

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-588007-A and CR-15-593290-A

**BEFORE:**   Keough, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   December 31, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair Avenue, Suite 212
Cleveland, Ohio 44113

Demetrius Craig, pro se
Cuyahoga County Jail
PO Box 5600
Cleveland, OH 44101

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Demetrius Craig, appeals his convictions for attempted felonious assault and having weapons while under disability. Craig's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1997), and now seeks leave to withdraw as counsel. After a thorough review of the record, we grant counsel's request to withdraw and we dismiss the appeal.

{¶2} In Cuyahoga C.P. No. CR-14-588007, Craig was charged with two counts of felonious assault, each of which contained a notice of prior conviction and a repeat violent offender specification. He was also indicted under Cuyahoga C.P. No. CR-15-593290 for having a weapon while under disability, carrying a concealed weapon, and improperly handling a firearm in a motor vehicle. The indictment also sought forfeiture of the firearm.

{¶3} Craig entered into a plea agreement with the state where he agreed to plead guilty to attempted felonious assault in CR-14-588007 and having a weapon while under disability, including the attendant forfeiture specification, as charged in CR-15-593290. All other charges in both cases would be dismissed. As part of the plea agreement, Craig agreed to pay as restitution one-third of the medical expenses, with his share not to exceed $3,300, incurred by the victim in CR-14-588007.

{¶4} During sentencing and in open court, the trial court sentenced Craig on the attempted felonious assault charge in Case No. CR-14-588007. The court ordered that Craig serve 120 days in the county jail, less time served, and three years of community control sanctions, to be served concurrently. However, when the trial court journalized the sentence, it

ordered Craig to serve 180 days in jail, less time served.[1]   Craig was also ordered to pay $1,333 in restitution to the victim.

{¶5} In Case No. CR-15-593290 and in open court, the trial court sentenced Craig to 180 days in the county jail, less time served, and three years of community control sanctions. However, when the trial court journalized the sentence, it ordered Craig to serve only 120 days in jail, less time served.[2]   The court also ordered the firearm forfeited.   The sentences in both cases were ordered to run concurrently; Craig was appointed appellate counsel.

{¶6} Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Craig's appellate counsel filed a motion to withdraw pursuant to *Anders,* 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493.

{¶7} *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal.   In *Anders*, the United States Supreme Court held that if counsel thoroughly reviews the record and concludes that the appeal is "wholly frivolous," he may advise the court of that fact and request permission to withdraw from the case.   *Anders* at 744.   However, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal."   *Id*.   Counsel must also furnish a copy of the brief to his client in sufficient time to allow the appellant to file his own brief, pro se.   *Id*.

---

[1]This clerical error can be corrected nunc pro tunc at any time by the trial court.   *See* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.").   "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided."   *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

[2]This clerical error can be corrected nunc pro tunc at any time by the trial court.   *See* Crim.R. 36; *Womack* at *id.*

{¶8} In this case, appointed counsel complied with the requirements of *Anders* and Loc.R. 16(C). This court allowed Craig until October 2, 2015, to file a pro se brief; no brief has been filed.

{¶9} Pursuant to Loc.R. 16(C) and *Anders*, the appellate court must complete an independent examination of the trial proceedings to determine if any arguably meritorious issues exist. *Id.*; *Anders*, 386 U.S. at 744, 87 S.Ct.1396, 18 L.Ed.2d 493.. If the appellate court determines there are no meritorious issues, and the appeal is "wholly frivolous," it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Anders* at *id*. If, however, the court finds the existence of a meritorious issue, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id*.

{¶10} Craig's appointed counsel states in his *Anders* brief that he has reviewed the record, including the transcripts of the proceedings, and concluded he could find no error by the trial court that is prejudicial to Craig's rights. Nevertheless, counsel presents one potential issue for our review pursuant to *Anders* — whether Craig was properly and sufficiently advised of his Crim.R. 11 rights prior to the trial court making a finding that Craig knowingly, voluntarily, and intelligently entered his plea of guilty.

{¶11} Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional

rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶12} Counsel asserts that the trial court complied with the requirements of Crim.R. 11(C) and that Craig's guilty plea was made knowingly, intelligently, and voluntarily. We have conducted an independent examination of the record on this issue and also find that the trial court complied with the requirements of Crim.R. 11(C) prior to accepting Craig's pleas. Craig was advised of his constitutional rights and potential penalties. He indicated at the plea hearing that he understood the rights he was waiving by pleading guilty and that he understood the effect of his plea. He also agreed to pay his share of restitution to the victim.

{¶13} Accordingly, no meritorious argument could be made that Craig's plea was not made knowingly, intelligently, and voluntarily. We therefore conclude that Craig's appeal is wholly frivolous pursuant to *Anders*; there is nothing in the record that might arguably support the appeal. Counsel's request to withdraw is granted, and the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR