[Cite as *State v. Pyfrom*, 2017-Ohio-5599.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-590 |
| | | (C.P.C. No. 11CR-1145) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Terrance Pyfrom, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 29, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Terrance Pyfrom, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following his entry of a guilty plea to felonious assault.

{¶ 2} On April 17, 2015, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11. On June 27, 2016, he entered a guilty plea to one count of felonious assault, a felony of the second degree.

{¶ 3} During the plea hearing, the prosecutor recited facts indicating that the incident giving rise to the indictment occurred on April 1, 2015 around 9:00 a.m. John Tuney, age 65, was walking down a street in Columbus when he was "surrounded [by] a group of males," including appellant. As the group approached Tuney, appellant, who was "to the right side of Mr. Tuney and out of his direct line of sight, sucker punches Mr. Tuney pushing him to the ground on purpose." Tuney "suffered a broken jaw, which

constitutes serious physical harm," and required treatment at "OSU Medical Center for the injury."   The prosecutor stated that appellant's attack on Tuney "was unprovoked and the victim was not acting in a threatening manner."   (June 27, 2016 Tr. at 11.)   The prosecutor noted there was video that captured the incident.

{¶ 4}   After accepting appellant's guilty plea, the trial court ordered a pre-sentence investigative report.  The trial court conducted a sentencing hearing on July 21, 2016 and, by entry filed that same date, the court sentenced appellant to a four-year term of incarceration.  Appellant received 333 days of jail-time credit.

{¶ 5}   Counsel for appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating he could not find any appealable issues.  Counsel identified one potential issue as to "whether [appellant's] plea was entered knowingly, voluntarily, and intelligently." (Appellant's Brief at 2.)  On January 13, 2017, counsel for appellant filed a motion to withdraw.  This court, by entry filed January 19, 2017, noted that appellant's counsel had filed a brief pursuant to *Anders* and that counsel "certified that he mailed a copy of his brief to appellant."  This court granted appellant until March 30, 2017 to file a supplemental brief.  Appellant did not file a brief, and this case is now before this court for an independent review of the record.

{¶ 6}   In *Anders,* the United States Supreme Court outlined the procedures an attorney must follow "to withdraw as counsel due to the lack of any meritorious grounds for appeal."  *State v. Craig,* 8th Dist. No. 103020, 2015-Ohio-5541, ¶ 7.  Under *Anders,* the Supreme Court "held that if counsel thoroughly reviews the record and concludes that the appeal is 'wholly frivolous,' he may advise the court of that fact and request permission to withdraw from the case."  *Id.,* quoting *Anders* at 744.  Counsel's request to withdraw, however, "must 'be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal.' "  *Id.,* quoting *Anders* at 744. Further, "[c]ounsel must also furnish a copy of the brief to his client in sufficient time to allow the appellant to file his own brief, pro se."  *Id.*

{¶ 7}   Upon receiving an *Anders* brief, this court is required to "conduct a full examination of all the proceedings to decide whether the case is wholly frivolous."  *In re D.M.C.,* 10th Dist. No. 09AP-484, 2009-Ohio-6667, ¶ 10.  If, after fully examining the

proceedings, "we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel." *Id.*

{¶ 8}   At the outset, we find the brief submitted by appellant's counsel meets the requirements of *Anders.* We therefore consider the potential issue counsel identifies, i.e., whether appellant's plea was entered knowingly, voluntarily, and intelligently.

{¶ 9}   The underlying purpose of Crim.R. 11(C) is for a court to convey certain information to the defendant "which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Gonzales,* 6th Dist. No. WD-06-084, 2007-Ohio-3565, ¶ 16, citing *State v. Ballard,* 66 Ohio St.2d 473, 479-80 (1981). With respect to constitutional rights, a trial court is required to "strictly comply with the dictates of Crim.R. 11(C)." *Id.* A trial court, however, "need not use the exact language found in that rule when informing a defendant of his constitutional rights," but rather "must explain those rights in a manner reasonably intelligible to the defendant." *Id.* As to non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *Id.* at ¶ 17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *Id.*

{¶ 10} In the instant case, we have independently reviewed the transcript of the plea hearing and conclude the trial court fully complied with the requirements of Crim.R. 11(C). Specifically, with respect to appellant's constitutional rights, the trial court informed him that by entering the plea he was waiving his right to trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to compulsory process of witnesses, and to remain silent. As to appellant's non-constitutional rights, the trial court informed him of the nature of the charges against him, the maximum penalties involved, as well as post-control requirements. The trial court also questioned appellant about the signed entry of guilty plea form and appellant indicated his understanding of the plea agreement and the proceedings. Here, the "totality of the circumstances" indicates appellant's plea was made knowingly, intelligently, and voluntarily. *Id.* Thus, counsel's proposed assignment of error is without merit.

{¶ 11} Based on this court's independent review, we are unable to find any "non-frivolous issues for appeal," and we conclude that the issues raised in the *Anders* brief are "not meritorious." *State v. Green,* 10th Dist. No. 10AP-934, 2011-Ohio-6451, ¶ 13. Accordingly, we find no error with the trial court's judgment of conviction and sentence entered pursuant to appellant's guilty plea. *Id.*

{¶ 12} Based on the foregoing, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

_____