[Cite as *State v. Fetherolf*, 2019-Ohio-4176.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-129 (C.P.C. No. 18CR-431) |
| v. | : | (REGULAR CALENDAR) |
| Jason A. Fetherolf, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 10, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Philip C. Popa*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jason A. Fetherolf, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of two counts of sexual battery and four counts of gross sexual imposition. For the following reasons, we affirm.

**I. Factual and Procedural Background**

{¶ 2} In January 2018, the Franklin County Grand Jury indicted Fetherolf on two counts of rape in violation of R.C. 2907.02, first-degree felonies, and four counts of gross sexual imposition in violation of R.C. 2907.05, third-degree felonies. On June 21, 2018, Fetherolf pleaded guilty to two counts of sexual battery in violation of R.C. 2907.03, second-degree felonies and lesser-included offenses to the indicted rape charges (Counts 1 and 2), and to the four counts of gross sexual imposition as charged. Fetherolf's guilty plea as to the two counts of sexual battery was entered pursuant to *North Carolina v. Alford*, 400

U.S. 25 (1970), and his guilty plea as to the four gross sexual imposition counts was a traditional guilty plea.  After conducting the necessary Crim.R. 11(C) plea colloquy, the trial court accepted Fetherolf's guilty pleas.  Four days later, the trial court imposed 8-year prison sentences on each of the two sexual battery counts and 4-year prison sentences on each of the four gross sexual imposition counts, all to run consecutively, for a total prison sentence of 32 years.

{¶ 3}   Fetherolf did not timely appeal, but this court granted his motion for leave to file a delayed appeal pursuant to App.R. 5(A).

## II.  Assignment of Error

{¶ 4}   Fetherolf assigns the following error for our review:

> The trial court erred when it sentenced defendant since the trial court was required to engage defendant in a "colloquy" to ensure that defendant understood the legal import of his plea.

## III.  Discussion

{¶ 5}   In his sole assignment of error, Fetherolf contends the trial court erred in not engaging in an adequate colloquy to ensure that his plea was entered knowingly, intelligently, and voluntarily.  He argues this court should nullify his "*Alford* plea" to the two counts of sexual battery.  He does not challenge his gross sexual imposition convictions. This assignment of error lacks merit.

{¶ 6}   Crim.R. 11(C) requires a trial court to inform a felony defendant of certain constitutional and nonconstitutional rights before it may accept a plea.  The underlying purpose of Crim.R. 11(C) is for a court to convey certain information to the defendant "which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty."  *State v. Gonzales*, 6th Dist. No. WD-06-084, 2007-Ohio-3565, ¶ 16, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-80 (1981).  Thus, the trial court must engage in a Crim.R. 11(C) colloquy with a defendant in order to ensure that the defendant's plea is knowing, voluntary, and intelligent.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26.

{¶ 7}   Pursuant to Crim.R. 11(C)(2)(c), the trial court must notify the defendant of his constitutional rights against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove

guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 19-21. With respect to constitutional rights, a trial court is required to "strictly comply with the dictates of Crim.R. 11(C)." *State v. Pyfrom*, 10th Dist. No. 16AP-590, 2017-Ohio-5599, ¶ 9. A trial court, however, "need not use the exact language found in that rule when informing a defendant of his constitutional rights," but rather "must explain those rights in a manner reasonably intelligible to the defendant." *Id.*

{¶ 8} As to nonconstitutional rights, the trial court must inform the defendant of the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. The trial court must also inform the defendant, if applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, the trial court must notify the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13. With respect to the defendant's nonconstitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *Pyfrom* at ¶ 9. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *Id.*

{¶ 9} In cases that involve an "*Alford* plea," there is a "heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea is a rational decision on the part of the defendant." *State v. Carey*, 3d Dist. No. 14-10-25, 2011-Ohio-1998, ¶ 7. The term "*Alford* plea" derives from the United States Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25 (1970), wherein the Court held that guilty pleas linked with claims of innocence may be accepted provided the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.* at 37. Although an *Alford* plea allows a defendant to maintain his factual innocence, the plea has the same legal effect as a guilty plea. *Carey* at ¶ 6.

{¶ 10} "Because pleas accompanied by protestations of innocence give rise to an inherent suspicion" that a plea may not have been knowing, voluntary, and intelligent, "*Alford* and the cases following it have made it clear that guilty pleas accompanied by an assertion of innocence should not be accepted unless there is a factual basis for the plea,

and until the court accepting the plea has attempted to resolve the conflict between the waiver of trial rights and the assertion of innocence." *State v. Schmidt*, 3d Dist. No. 10-10-04, 2010-Ohio-4809, ¶ 14; *State v. Kirigiti*, 10th Dist. No. 06AP-612, 2007-Ohio-6852, ¶ 15, citing *State v. Padgett*, 67 Ohio App.3d 332 (2d Dist.1990); *see State v. Hopings*, 6th Dist. No. L-18-1038, 2019-Ohio-1486, ¶ 8 (noting that, in addition to the Crim.R. 11(C) requirements, an *Alford* plea requires the trial court to "ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor."). In accepting an *Alford* plea, however, a trial court is not required to directly inquire of the defendant to determine whether he has made a rational calculation to plead guilty. *State v. Lacumsky*, 6th Dist. No. OT-08-060, 2009-Ohio-3214, ¶ 9. In the absence of such an inquiry, there may be sufficient information before the trial court to determine that the defendant's decision to plead guilty notwithstanding an assertion of innocence was a rational decision. *Kirigiti* at ¶ 15.

{¶ 11} Fetherolf generally argues the trial court did not adequately ensure that he was proceeding knowingly, voluntarily, and intelligently, when it accepted his *Alford* plea as to the two counts of sexual battery. More particularly, he asserts there was an inadequate discussion of the benefits that might inure to him by entering an *Alford* plea. He also asserts that he received no benefit from entering the *Alford* plea. These arguments are unpersuasive. The benefit to Fetherolf in pleading to lesser offenses was obvious—it removed the significant risk to him of going to trial and being convicted of the greater offenses. At the plea hearing, the state summarized the facts of the case, stating in part that the 12-year-old victim had reported that Fetherolf had repeatedly sexually assaulted her by touching her chest, buttocks, and vaginal area, and that "on a couple of occasions the touching progressed to digital vaginal penetration and that there was one instance of cunnilingus." (June 21, 2018 Tr. at 13.) If the victim would have testified to these facts at a trial, her testimony would have provided strong evidentiary support for the rape charges against Fetherolf. Thus, there was sufficient information before the trial court to determine that Fetherolf's decision to plead guilty to the reduced charges of sexual battery pursuant to *Alford* was a rational decision. Consequently, we conclude the trial court did not err in accepting Fetherolf's *Alford* plea to the two counts of sexual battery.

{¶ 12} Accordingly, we overrule Fetherolf's sole assignment of error.

**IV. Disposition**

{¶ 13} Having overruled Fetherolf's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and BEATTY BLUNT, J., concur.