[Cite as *State v. Bowles*, 2025-Ohio-467.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-428 |
| v. | : | (C.P.C. No. 23CR-5183) |
| Miquel D. Bowles, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 13, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Darren M. Burgess* for appellee.

**On brief:** *Todd W. Barstow* for appellant.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Miquel D. Bowles, appeals from a June 14, 2024 judgment entry of the Franklin County Court of Common Pleas sentencing him to 36 months in prison following a guilty plea to obstructing justice in violation of R.C. 2921.32, a felony of the third degree. Before this court is a counseled brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On October 6, 2023, a Franklin County Grand Jury indicted Bowles on one count of obstructing justice, a felony of the third degree. On October 11, 2023, Bowles entered a plea of not guilty and counsel was appointed in this matter. On October 13, 2023, trial counsel for Bowles filed a request for discovery. Pursuant to Crim.R. 16, the state provided Bowles with discovery materials on November 13, 2023. The state filed

supplemental discovery on November 28, 2023, January 16, 2024, February 20, 2024, May 17, 2024, and June 14, 2024.

{¶ 3}  On May 17, 2024, Bowles, after being advised of his rights pursuant to Crim.R. 11, entered a plea of guilty to obstructing justice in violation of R.C. 2921.32, a felony of the third degree.  According to the state's recitation of facts, the Columbus Police Department began investigating a missing person and the potential homicide of I.S. in September 2023.  (May 17, 2023 Tr. at 13.)  I.S. was last seen on September 20, 2023 when he got into a black car registered to Bowles.  That same day, Bowles was dropped off at the hospital in the same black car with a gunshot wound.  (Tr. at 14.)  On September 25, 2023, the vehicle was "discovered in a field having been set on fire."  (Tr. at 13.)  Law enforcement met with Bowles on October 2, 2023.  (Tr. at 14.)  During the meeting, Bowles "denied being in the car, he denied having any knowledge regarding [I.S.], and he also claimed to have no knowledge of what happened to him or where his own shooting occurred."  (Tr. at 14.)  I.S. was found the next day and identified as a victim of a homicide. The state provided that all of the foregoing events occurred in Franklin County, Ohio. Bowles, for the purposes of the plea, accepted the facts as asserted by the state.  (Tr. at 14.)

{¶ 4}  As reflected on the plea form, Bowles acknowledged that the maximum prison term allowed for the offense was 36 months and that there was no "jointly recommended sentence." (May 17, 2024 Entry.)  The sentencing entry noted, "[t]he State reserves the right to file additional charges out of this incident.  This plea does not globally resolve the transaction.  Defendant has not been given any promises or consideration in exchange for this plea.  This plea is a non-negotiated plea."  (May 17, 2024 Entry.) Thereupon, the trial court found Bowles guilty of obstructing justice and accepted his guilty plea.  The trial court ordered a presentencing investigation and scheduled the matter for a sentencing hearing.

{¶ 5}  At the June 14, 2024 sentencing hearing, the state argued that prison was appropriate in this case as Bowles had prior juvenile convictions for discharge of a firearm, a felony of the third degree; attempted felonious assault, a felony of the third degree; and improper handling of a firearm, a felony of the fourth degree.  The state noted that Bowles was on active supervision at the time of this offense.  (June 14, 2024 Tr. at 3.)  Bowles' trial counsel stated that his client had already been confined in jail for a significant amount of

time and GPS monitoring would not undermine the seriousness of the obstructing justice conviction. Counsel stated that his client has acknowledged and taken full accountability for his actions.

{¶ 6}   At the conclusion of the sentencing hearing, the trial court found prison appropriate in this case as it was a homicide-related offense, Bowles was on supervision at the time of the offense, and "when you were questioned, you were uncooperative, you lied about the incident, you were part of the reason that the body was not found for about 13 days." (Tr. at 15.)   The trial court remarked Bowles' actions have made a "lasting psychological impact" on the family. (Tr. at 15.)   In reaching this decision, the trial court noted that it considered all the relevant sentencing factors as well as the principles and purpose of sentencing. Ultimately, the trial court sentenced Bowles to 36 months in prison with 257 days of jail-time credit. The trial court also held that, upon release from the Department of Rehabilitation and Correction, Bowles may be subject to post-release control for a period of up to two years.

{¶ 7}   Bowles filed a timely appeal on July 11, 2024.

## II. *ANDERS* BRIEF

{¶ 8}   Though Bowles filed a timely appeal from the judgment of the trial court, appellate counsel has submitted an *Anders* brief on his behalf certifying that, having conscientiously examined the record, the appeal was frivolous with no issues of arguable merit. This court has set forth appellate counsel's responsibility when filing an *Anders* brief as follows:

> In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, appellate counsel concludes that a defendant's case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request to withdraw with a brief outlining anything in the record that arguably could support the defendant's appeal. Counsel must also: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters the defendant chooses.

(Internal citation omitted.)  *State v. Hudson*, 10th Dist. No. 18AP-924, 2019-Ohio-5136, ¶ 8; *see also State v. Albert*, 10th Dist. No. 18AP-504, 2019-Ohio-1012, ¶ 9.

{¶ 9}   Appellate counsel has elected to file an *Anders* brief providing one potential assignment of error for review. In accordance with *Anders*, counsel furnished a copy of the

brief to Bowles, which included counsel's request for permission to withdraw from the case. *Anders* at 744. Since the filing of the *Anders* brief, we have afforded Bowles sufficient time to file a supplemental brief. Bowles has not done so.

{¶ 10} When a defendant does not file a pro se brief in response to an *Anders* brief, a reviewing court must still examine the potential assignment of error and the entire record below to determine if the appeal lacks merit. *Albert* at ¶ 11, citing *State v. A.H.*, 10th Dist. No. 16AP-487, 2017-Ohio-7680, ¶ 18, citing *State v. Cooper*, 10th Dist. No. 09AP-511, 2009-Ohio-6275. "After full review of the proceedings below, if the appellate court finds only frivolous issues on appeal, it then may proceed to address the merits of the case without affording the defendant the assistance of counsel." *Hudson* at ¶ 9. If, however, the reviewing court finds that there are non-frivolous issues for appeal, the court must provide Bowles the assistance of counsel to address those issues. *Id.*

## III. POTENTIAL ASSIGNMENT OF ERROR AND LEGAL ANALYSIS

{¶ 11} Notwithstanding the *Anders* certification, counsel's brief suggests a potential assignment of error as follows:

> THE TRIAL COURT ERRED IN ACCEPTING BOWLES' GUILTY PLEA PURSUANT TO CRIMINAL RULE 11 AND ERRED IN SENTENCING BOWLES.

{¶ 12} Our review of appellate counsel's potential assignment of error reveals, in fact, two distinct issues for review: (1) the trial court erred by accepting Bowles' guilty plea under Crim.R. 11 and (2) the trial court erred by imposing a 36-month sentence for obstructing justice. While appellate counsel should have raised these potential issues as two separate assignments of error, *see* App.R. 16(A)(3), in the interest of justice, we will address each issue as best we can discern.

### A. Guilty Plea

{¶ 13} Appellate counsel first contends that the trial court potentially violated Crim.R. 11 by accepting Bowles' guilty plea as it was not knowingly, voluntarily, or intelligently made. We disagree.

{¶ 14} A trial court must comply with Crim.R. 11 when it accepts a guilty plea. *State v. Treadwell*, 10th Dist. No. 19AP-304, 2020 Ohio App. LEXIS 1699, *6 (Apr. 30, 2020). "Among other requirements, the rule requires a trial court to determine the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the

maximum penalty involved, and to inform the defendant of and determine the defendant understands the effect of the plea of guilty." *Id.* This court has noted that the underlying purpose of Crim.R. 11(C) is for a court to convey particular information to the defendant, which would allow him to make a voluntary and intelligent decision as to whether to plead guilty. *State v. Pyfrom*, 10th Dist. No. 16AP-590, 2017-Ohio-5599, ¶ 9, citing *State v. Gonzales*, 6th Dist. No. WD-06-084, 2007-Ohio-3565, ¶ 16, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-80 (1981). Concerning constitutional rights, while a trial court must strictly comply with the dictates of Crim.R. 11(C), it "need not use the exact language found in that rule when informing a defendant of his constitutional rights, but rather must explain those rights in a manner reasonably intelligible to the defendant." (Internal quotation and citation omitted.) *Pyfrom* at ¶ 9. With respect to non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *Id.* Substantial compliance requires that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights that he is waiving. *Id.*

{¶ 15} After an independent review of the plea allocution and colloquy, we conclude the trial court fully complied with the requirements of Crim.R. 11. The transcript reveals that the trial court first asked Bowles his full name, age, level of education, whether he could read and understand English, and whether he was under the influence of any alcohol or drugs. The trial court notified Bowles that by entering the plea he was waiving his right to a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to compulsory process of witnesses, and to remain silent. The trial court went on to notify Bowles of the nature of the obstructing justice charge against him, the maximum penalty of 36 months, and that he may be subject to post-release control requirements. The trial court also engaged in a colloquy with Bowles regarding the signed guilty plea form as well as whether Bowles was satisfied with his counsel's representation. Finally, the trial court informed Bowles that if he went to trial and was convicted, he would have the option or opportunity to appeal his conviction. Bowles repeatedly indicated his understanding of the change of plea and the proceedings, and he expressly waived the various rights as explained by the trial court. Given the foregoing notifications and

statements by Bowles, the trial court complied with Crim.R. 11, and Bowles' plea was made knowingly, intelligently, and voluntarily.

**B. Sentence Contrary to Law**

{¶ 16} Next, appellate counsel claims that the trial court potentially erred in its imposition of a 36-month sentence for obstructing justice as the sentence was not supported by the evidence and was contrary to law.

{¶ 17} An appellate court will not reverse the trial court's sentencing decision unless there is clear and convincing evidence that either the record does not support the sentence or that the sentence was contrary to law. *State v. Davidson*, 10th Dist. No. 18AP-643, 2019-Ohio-5320, ¶ 25, citing *State v. Maxwell*, 10th Dist. No. 18AP-341, 2019-Ohio-2191, ¶ 6, citing *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954). This court has held that a sentence is not "clearly and convincingly contrary to law" when the record reflects that the trial court considered the purposes of felony sentencing under R.C. 2929.11, weighed the seriousness and recidivism factors provided in R.C. 2929.12, and imposed a sentence that fell within the statutory range. *Hudson*, 2019-Ohio-5136 at ¶ 11, citing *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 18} Bowles was convicted of obstructing justice in violation of R.C. 2921.32, a felony of the third degree. Generally, felonies of the third-degree do not carry a presumption of either prison or community control. *State v. Garlough*, 12th Dist. No. CA2021-06-051, 2022-Ohio-1276, ¶ 29, citing R.C. 2929.13(C); *State v. Back*, 12th Dist. No. CA2015-03-037, 2015-Ohio-4447, ¶ 19. R.C. 2929.13(C) provides, outside explicit statutory exceptions, "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

{¶ 19} As set forth in R.C. 2929.11(A), the "overriding purposes of felony sentencing are [1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these ends, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Moreover, a sentence imposed for a felony must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Regarding R.C. 2929.12, that statute "identifies a nonexclusive list of factors relating to the seriousness of the offense and recidivism of the offender for the court to consider in imposing a sentence to meet those objectives." (Further citation omitted.) *Davidson* at ¶ 26.

{¶ 20} Though there is a mandatory duty to consider the relevant statutory factors provided in R.C. 2929.11 and 2929.12, the trial court is not required to go through each factor on the record or to make specific findings explaining its analysis of the applicable factors before imposing a sentence. *Davidson* at ¶ 27, citing *State v. Caffey*, 8th Dist. No. 101833, 2015-Ohio-1311, ¶ 15; *see also State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 18 ("It is well-settled that these two sections [R.C. 2929.11 and 2929.12] do not mandate judicial fact-finding."). Thus, the trial court must only "consider" the statutory factors and is not required to make specific findings on the record as to its consideration of those factors, even if imposing a maximum sentence. *State v. Pate*, 8th Dist. No. 109758, 2021-Ohio-1089, ¶ 6.

{¶ 21} The record reflects that the trial court, after considering the principles and purposes of felony sentencing and all the relevant sentencing factors, determined that a term of 36 months in prison was appropriate. At the sentencing hearing, the trial court explained that the 36-month sentence was warranted as Bowles was on supervision at the time of the offense, it was a homicide-connected offense, and Bowles' lies about the incident was "part of the reason that the body was not found for about 13 days." (June 14, 2024 Tr.

at 14-15.) The trial court remarked that it was "one of the worst forms of the offense given the lasting impact of your actions on the family." (Tr. at 15.) Furthermore, the judgment entry states in part that the court "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (June 14, 2024 Jgmt. Entry.) This court has repeatedly held that the above language in the judgment entry " 'belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense.' " *Davidson* at ¶ 28, quoting *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 14, citing *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16. While the trial court imposed a maximum sentence, it was not contrary to law as it fell within the statutory range for the offense. *Stubbs* at ¶ 16. It is apparent that there is no clear and convincing evidence that the 36-month sentence was not supported in the record or that it was contrary to law.

## IV. CONCLUSION

{¶ 22} Having reviewed the entire record, including but not limited to transcripts of the plea and sentencing hearings, we conclude the trial court fully complied with the requirements of Crim.R. 11. Moreover, we also find that the trial court's sentence of 36 months in prison for obstructing justice was supported by the record and not contrary to law. Thus, we find appellate counsel's sole potential assignment of error lacks merit. After our own independent review of the record, we cannot find any non-frivolous issues for appeal and agree with appellate counsel that the issues raised in the *Anders* brief are not meritorious. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

———————————